

Search for Cases by:  Select Search Method...

Judicial Links   |   eFiling   |   Help   |   Contact Us   |   Print     GrantedPublicAccess  Logoff **BSANDERS84**

**22SL-CC04119 - JEREMY HILL V JAGUAR LAND ROVER NORTH AMERICA LLC (E-CASE)**

Sort Date Entries: ● Descending ○ Ascending   Display Options: All Entries

**Click here to eFile on Case**
**Click here to Respond to Selected Documents**

| | |
|---|---|
| 09/21/2022 | **Summons Issued-Circuit** |
| | Document ID: 22-SMCC-7738, for JAGUAR LAND ROVER NORTH AMERICA LLC. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service. |
| | **Filing Info Sheet eFiling** |
| | **Filed By:** JOSHUA MICHAEL AVIGAD |
| | **Summ Req-Circuit Pers Serv** |
| | Service Request-issue summons. |
| | **Filed By:** JOSHUA MICHAEL AVIGAD |
| | **On Behalf Of:** JEREMY HILL |
| | **Pet Filed in Circuit Ct** |
| | Plaintiff Petition; Exhibits to Petition. |
| | **Filed By:** JOSHUA MICHAEL AVIGAD |
| | **Judge Assigned** |
| | DIV 12 |

Case.net Version 5.14.60           Return to Top of Page           Released 11/02/2022

Exhibit B


## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| JEREMY HILL, ) | |
| ) | |
| PLAINTIFF ) | |
| ) | |
| v. ) | Cause No: |
| ) | |
| ) | Division: |
| JAGUAR LAND ROVER NORTH AMERICA, LLC, ) | |
| Serve: ) | |
| CSC – Lawyers Incorporating Service Company ) | |
| 221 Bolivar Street ) | |
| Jefferson City, Missouri 65101 ) | |
| ) | |
| DEFENDANT ) | |

### PETITION AT LAW AND IN EQUITY

Plaintiff, Jeremy Hill, through his undersigned attorney, for his Petition at Law and in Equity against Defendant alleges the following:

### INTRODUCTION

Plaintiff's Petition, *inter alia*, of breach of warranty under the Magnuson-Moss Act (15 U.S.C. Sec. 2301-2312); and breach of warranty under Missouri Revised Statutes Uniform Commercial Code (Section 400.2-314).

### PARTIES

1. At all times mentioned herein, the below named Plaintiff was and is a citizen of the State of Missouri, residing in the County of Clay, at the address as listed:

   a. Jeremy Hill
      7009 North Cambridge Avenue
      Kansas City, Missouri 64119

Electronically Filed - St Louis County - September 21, 2022 - 08:31 AM

2. Defendant, Jaguar Land Rover North America, LLC ("JLR"), is a foreign limited liability company doing business in Missouri, located at 100 Jaguar Land Rover Way, Mahwah, New Jersey 07495-1100.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action by virtue of Article V, § 14(a) of the Missouri Constitution, § 478.070, RSMo and § 506.500, RSMo.

4. Venue is proper in this court pursuant to §508.010, RSMo for it concerns a contract entered into in the State of Missouri, and as the Defendant is a nonresident of the state, suit may be brought in any county in this state.

5. The matter in controversy exceeds, exclusive of interest and costs, the sum of $25,000.

## GENERAL ALLEGATIONS

6. On or about October 14, 2020, Plaintiff purchased a used 2018 Land Rover Range Rover Sport, VIN: SALWR2RK3JA696471 from an Authorized Dealership (the "Subject Vehicle"). The Purchase Agreement is attached as Exhibit 1 and incorporated herein.

7. At the time of purchase, the Subject Vehicle was accompanied by the remaining balance of a 4 (four) year/50,000-mile bumper-to-bumper warranty and 4 (four) year/50,000-mile Powertrain warranty (the "Warranty"). The Pertinent Portion of Warranty is attached as Exhibit 2 and incorporated herein. The Warranty in its entirety is in Defendant's possession.

8. The Subject Vehicle is registered in the State of Missouri and was purchased primarily for personal, family, and/or household purposes.

Electronically Filed - St Louis County - September 21, 2022 - 08:31 AM

9. The Defendant's warranties covered any repairs or replacements needed during the warranty period and/or due to defects in factory materials or workmanship.

10. In fact, when delivered, the Subject Vehicle was defective in materials and workmanship, such defects being discovered within the warranty periods and repairs were attempted. Shortly after purchase, Plaintiff noticed defects in the vehicle and returned the vehicle to Authorized Dealerships on at least 8 (eight) occasions for defects including: left front soft-close door inoperable, soft-close motor defects necessitating replacement, Restricted Performance message displayed despite numerous repair attempts, suspended power despite numerous repair attempts, leak at air intake tube, whistling noise and excessive turbo noise heard from vehicle, diesel particulate filter faulty necessitating replacement, front suspension lowers and raises by itself when stopped, turbocharger faulty necessitating replacement, EGR leaking, throttle body assembly sticking, throttle assembly defects necessitating replacement, and map sensor defects necessitating replacement. The Repair Orders are attached as Exhibit 3 and incorporated herein.

11. Authorized Dealerships have made repairs to the vehicle, including repairs to the restricted performance defects in the Subject Vehicle; however, the defects continue to exist. During said repairs the vehicle was out of service for at least 140 (one hundred forty) days.

12. Despite the prolonged time during which Defendant was given the opportunity to repair Plaintiff's Vehicle, Defendant failed to repair the Subject Vehicle so as to bring it into conformity with the warranties set forth herein.

13. The defects experienced by the Plaintiff with the Subject Vehicle substantially impaired its use, value and safety to the Plaintiff, and has shaken the Plaintiff's faith in the vehicle to operate as dependable transportation.

14. Despite Plaintiff's repeated efforts to allow Defendant the opportunity to repair the Subject Vehicle, many nonconforming and defective conditions were not repaired and still exist.

15. Plaintiff directly notified Defendant of the defective conditions of the vehicle on numerous occasions and that he desired a buy-back of the Subject Vehicle, wherein Defendant failed and refused to buy back Plaintiff's defective Vehicle and to reimburse Plaintiff pursuant to his rights under Missouri law. The Written Notification, attached as Exhibit 4, is incorporated herein.

16. This cause of action arises out of the Defendant's breaches of warranty and contract and violations of the enclosed statutes, as set forth in this Complaint.

17. Plaintiff seeks judgment against the Defendant in whatever amount in excess of $25,000 that the Plaintiff is entitled to, and/or equitable relief, consequential damages and the costs and expenses of this action.

## COUNT I - BREACH OF FACTORY WARRANTY

18. Plaintiff repeats and incorporates Paragraphs 1 through 17 as set forth above.

19. Defendant JLR extended to Plaintiff the remaining balance of a 4 (four) year/50,000-mile bumper-to-bumper warranty and 4 (four) year/50,000-mile Powertrain warranty ("Warranty").

20. Plaintiff, seeking to repair the Subject Vehicle, attempted to exercise his rights under the Warranty.

21. Defendant JLR, without justification, has failed to honor the terms of the Warranty.

22. As a result of the actions set forth above, Defendant JLR has breached the Warranty.

23. As a result of Defendant JLR's breach of Warranty, Plaintiff has and will continue to suffer significant monetary and consequential damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter Judgment in favor of Plaintiff and against Defendant JLR in an amount exceeding $25,000, exclusive of costs, interest and attorney fees.

## COUNT II- BREACH OF MAGNUSON-MOSS WARRANTY ACT

24. Plaintiff repeats and incorporates Paragraphs 1 through 32 as set forth above.

25. This Court has jurisdiction to decide claims brought under 15 USC § 2301 et seq., by virtue of 15 USC § 2310(d)(1)(A).

26. Plaintiff is a consumer as defined by 15 USC § 2301(3).

27. Defendant JLR is a supplier and warrantor as defined by 15 USC § 2301(4)(5).

28. The Subject Vehicle is a consumer product as defined by 15 USC § 2301(1).

29. 15 USC § 2301(6), requires Defendant JLR, as a warrantor, to remedy any defects, malfunction or non-conformance of the Subject Vehicle within a reasonable time and without charge to Plaintiff, as defined in 15 USC § 2304(d).

30. The actions of Defendant as hereinabove described and in failing to tender the Subject Vehicle to Plaintiff free of defects and refusing to repair or replace the defective vehicle tendered to Plaintiff, constitute a breach of the written and implied warranties covering the Subject Vehicle and are a violation of the Magnuson-Moss Warranty Act.

Electronically Filed - St Louis County - September 21, 2022 - 08:31 AM

31. Despite repeated demands and despite the fact that the Plaintiff has complied with all reasonable terms and conditions imposed upon him by Defendant, Defendant has failed and refused to cure any defects and non-conformity with the Subject Vehicle.

32. As a result of Defendant's breach of factory and implied warranty as set forth above, and Defendant's failure to honor its obligations under its warranties, Plaintiff has and will continue to suffer damages as enumerated above.

33. Defendant has had a reasonable opportunity to remedy the defects in the vehicle but have failed to do so, thereby entitling Plaintiff to a refund of the purchase price pursuant to the Magnuson-Moss Warranty Act.

34. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter an order requiring Defendant to accept return of the Subject Vehicle and refund Plaintiff the purchase price, together with any and all incidental and consequential damages, including attorney fees as provided by 15 USC § 2310(d)(2) and equitable relief to which Plaintiff is entitled.

**WHEREFORE**, Plaintiff prays for judgment as follows:

(1) For actual damages in excess of $25,000 according to proof at trial.

(2) For attorney's fees and costs of suit incurred herein; and

(3) For such other and further relief as the court deems just and proper under the circumstances.

Electronically Filed - St Louis County - September 21, 2022 - 08:31 AM

Respectfully submitted,

By:    /s/ Joshua M. Avigad
LEMON LAW GROUP PARTNERS
Joshua M. Avigad
225 S. Meramec, Suite 1021
St. Louis, MO 63105
(314) 488-2860
josh@avigadlaw.com
*Attorneys for Plaintiff, Jeremy Hill*

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| JEREMY HILL, ) | |
| ) | |
| PLAINTIFF ) | |
| ) | |
| v. ) | Cause No: |
| ) | |
| ) | Division: |
| JAGUAR LAND ROVER NORTH AMERICA, LLC, ) | |
|    Serve: ) | |
|    CSC – Lawyers Incorporating Service Company ) | |
|    221 Bolivar Street ) | |
|    Jefferson City, Missouri 65101 ) | |
| ) | |
| DEFENDANT ) | |

### PLAINTIFF'S INSTRUCTIONS FOR SERVICE

**TO THE CLERK:**

Please issue Summons to Defendant as follows:

JAGUAR LAND ROVER NORTH AMERICA, LLC
c/o registered agent: Lawyers Incorporating Service Company
221 Bolivar Street
Jefferson City, Missouri 65101


Respectfully submitted,

By:   /s/ Joshua M. Avigad, Esq. SBN:49440
LEMON LAW GROUP PARTNERS
Joshua M. Avigad, Esq, SBN: 49440
225 S. Meramec, Suite 1021
St. Louis, MO 63105
(314) 488-2860
Email: josh@avigadlaw.com
Telephone: (888) 415-0610
Fax: (888) 809-7010
*Attorneys for Plaintiff, Jeremy Hill*



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>STANLEY JAMES WALLACH | Case Number: 22SL-CC04119 |
|---|---|
| Plaintiff/Petitioner:<br>JEREMY HILL<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOSHUA MICHAEL AVIGAD<br>SUITE 1021<br>225 SOUTH MERAMEC<br>CLAYTON, MO 63105 |
| Defendant/Respondent:<br>JAGUAR LAND ROVER NORTH AMERICA LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Breach of Contract | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** JAGUAR LAND ROVER NORTH AMERICA LLC
                              **Alias:**
**C/O LAWYERS INCORPORATING SERV CO**
**221 BOLIVAR STREET**
**JEFFERSON CITY, MO 65101**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
        **SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

   **21-SEP-2022**                                                  _____
       Date                                                                     **Clerk**

   **Further Information:**
   **AD**

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
   _____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).
_____           _____
   Printed Name of Sheriff or Server                              Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
   Subscribed and sworn to before me on _____ (date).
   My commission expires: _____   _____
(Seal)                           Date                                                Notary Public

| | |
|---|---|
| **Sheriff's Fees, if applicable** | |
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____  (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.